UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DONALD BURGO**                       **CIVIL ACTION NO. 09-2009**
**LA. DOC # 197078**                 **SECTION P**

**VS.**

                                                       **JUDGE MINALDI**
**HOUMA-THIBODAUX DIOCESE, ET AL.**     **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 on December 1, 2009, by *pro se* plaintiff, Donald Burgo. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff filed a motion to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915 [Doc. 2] which was initially granted by this court. [Doc. 3]. Upon review of the court records, it was revealed that plaintiff had filed at least five (5) lawsuits that were dismissed as frivolous and/or for failure to state a claim.[1] Thus, this court issued a Memorandum Order [Doc. 5] which revoked and rescinded plaintiff's *in forma pauperis* status and directed plaintiff to pay the complete $350.00 filing fee within twenty days or by September 13, 2010. Over ninety days have elapsed and plaintiff has not responded to that order.

---

[1] See, *Burgo v. Fuselet, et al*, 09-cv-1164; *Burgo v. Ruiz, et al*, 09-cv-1165; *Burgo v. Stratton, et al*, 09-cv-1166; *Burgo v. Chalberts Medical Center, et al*, 09-cv-1223 and, *Burgo v. Houma-Thibodaux Diocese,* 09-cv-1225.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Id.* Plaintiff was directed to pay the complete filing fee and he has failed to do so.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 28th day of December, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE